UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| CARMELA LYNN JACKSON,<br><br>             Plaintiff,<br><br>     vs.<br><br>SUPERIOR COURT OF CALIFORNIA,<br><br>             Defendant. | CIV. NO. 23-00054 LEK-WRP |

**ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR
VIOLATION OF CIVIL RIGHTS WITH PREJUDICE AND
DENYING AS MOOT PLAINTIFF'S APPLICATION TO
<u>PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS</u>**

On January 30, 2023, pro se Plaintiff Carmela Lynn Jackson ("Jackson") filed her Complaint for Violation of Civil Rights ("Complaint") and an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). [Dkt. nos. 1, 3.] For the reasons set forth below, the Complaint is hereby dismissed with prejudice, and the Application is denied as moot. In other words, Jackson has no claims remaining in this case, and she will not be allowed to file an amended complaint to try to cure the defects that are identified in this Order.

<u>**STANDARD**</u>

"Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates he is unable to pay."

Smallwood v. Fed. Bureau of Investigation, CV. NO. 16-00505 DKW-KJM, 2016 WL 4974948, at *1 (D. Hawai`i Sept. 16, 2016) (citing 28 U.S.C. § 1915(a)(1)).

> The Court subjects each civil action commenced pursuant to Section 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim);[1] Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

Id. at *3.

In addition, the following standards apply in the screening analysis:

> Plaintiff is appearing pro se; consequently, the court liberally construes her pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam))). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also

---

[1] Lopez has been overruled, in part, on other grounds by Peralta v. Dillard, 744 F.3d 1076 (9th Cir. 2014) (en banc).

> Lopez v. Smith, 203 F.3d 1122, 1126 (9th. [sic] Cir. 2000).
>
> Despite the liberal pro se pleading standard, the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on its own motion. See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); see also Baker v. Dir., U.S. Parole Comm'n, 916 F.2d 725, 727 (D.C. Cir. 1990) (holding that district court may dismiss cases *sua sponte* pursuant to Rule 12(b)(6) without notice where plaintiff could not prevail on complaint as alleged). . . . "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." United States v. Marks, 530 F.3d 799, 810 (9th Cir. 2008) (quoting Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994)). The assumption is that the district court lacks jurisdiction. See Kokkonen, 511 U.S. at 377. Accordingly, a "party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

Flores v. Trump, CIVIL 16-00652 LEK-RLP, 2017 WL 125698, at *1 (D. Hawai`i Jan. 12, 2017) (some alterations in Flores) (some citations omitted), *reconsideration denied*, 2017 WL 830966 (Mar. 2, 2017).

## DISCUSSION

### I.  Screening of the Complaint

Jackson brings the instant case against the Superior Court of California, Stanley Mosk Courthouse. [Complaint at PageID.2.] The Stanley Mosk Courthouse is in the County of Los

3

Angeles.  See The Superior Court of California - County of Los Angeles, Courthouses - Stanley Mosk Courthouse, https://www.lacourt.org/courthouse/info/la (last visited Mar. 20, 2023).  Jackson states she "ha[s] 7 case[s] opened in the Superior Court of California" and, "[d]ue to being raped, robbed, held hostage, poisoned, maced, shot with power washer and threatened daily in California, [she] ha[s] a right to 'Transfer to Federal Court[.]'"  [Complaint at PageID.3.] Jackson states she was attempting to sue various "mega stars from [her] past," but "California attempted to silence [her]." [Id. at PageID.4.]

Jackson's Complaint does not identify what specific cases pending in the California Superior Court she is attempting to "transfer."  However, based on her description of the cases, she appears to be referring to cases such as:

-Carmela Lynn Jackson vs. Beyonce, et al., Case #: 22STCV37675, filed on December 2, 2022 in the Stanley Mosk Courthouse;

-Carmela Lynn Jackson vs. Dierks Bentley, et al., Case #: 22STCV37720, filed on December 2, 2022 in the Spring Street Courthouse;[2] and

-Carmela Lynn Jackson vs. Keanu Charles Reeves, Case #: 22STCV22807, filed on July 15, 2022 in the Spring Street Courthouse.

---

[2] The Spring Street Courthouse is another courthouse in the County of Los Angeles.  See The Superior Court of California - County of Los Angeles, Courthouses - Spring Street, https://www.lacourt.org/courthouse/info/22 (last visited Mar. 20, 2023).

4

Jackson's attempt to "transfer" her cases that are pending in a California state court to this district court appears to be an attempt to remove the cases. Regardless of which specific case or cases Jackson seeks to remove, her attempt fails because: 1) Jackson, as the plaintiff, chose to file the action(s) in California state court; and 2) removal from a California state court to the United States District Court for the District of Hawai`i is not possible. See 28 U.S.C. § 1446(a) ("A **defendant or defendants desiring to remove** any civil action from a State court shall file **in the district court of the United States for the district and division within which such action is pending** a notice of removal . . . ." (emphases added)). Thus, this Court concludes that Jackson's attempt to remove to this district court actions that she originally filed in a California state court was frivolous, and the instant case must be dismissed. See § 1915(e)(2)(B). Further, it is absolutely clear that Jackson cannot cure the defects in her attempted removal by amendment. See Lucas, 66 F.3d at 248. Jackson's Complaint is therefore dismissed with prejudice. In other words, Jackson will not be allowed to file an amended complaint in this case to try to cure the defects identified in this Order.

## II. Application

Insofar as the Complaint has been dismissed with prejudice, it is not necessary for this Court to rule on the

5

issue of whether Jackson is entitled to proceed without the prepayment of fees and costs. Jackson's Application is therefore denied as moot.

## CONCLUSION

On the basis of the foregoing, Jackson's Complaint for Violation of Civil Rights, filed January 30, 2023, is HEREBY DISMISSED WITH PREJUDICE, and Jackson's Application to Proceed in District Court Without Prepaying Fees or Costs, also filed January 30, 2023, is DENIED AS MOOT.

There being no remaining claims in this case, the Clerk's Office is DIRECTED to close this case on **April 5, 2023**, unless Jackson files a timely motion for reconsideration of this Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, March 21, 2023.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**CARMELA LYNN JACKSON VS. SUPERIOS COURT OF CALIFORNIA; CV 23-00054 LEK; ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS WITH PREJUDICE AND DENYING AS MOOT PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**